UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR L. JACKSON,<br><br>              Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 04-03790 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

        This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed, and the matter remanded for further proceedings.

        Plaintiff's treating physician stated in his opinion that Plaintiff should lift no more than 10 pounds, that he could sit only for approximately 15-30 minutes at a time

before he could stand, stand for only 15-30 minutes before he must sit again, and could not sit and stand for more than a total of 3-4 hours per day. [AR 387] The Administrative Law Judge acknowledged that the treating physician gave an opinion in December 2003 concerning Plaintiff, but he rejected that opinion on the grounds that it referred to factors that were not reported in the pre-2001 medical records, and that the evidence discussed after the Date Last Insured of December 31, 2000 was not relevant to a disability finding. [AR 16-17] In this Court, the Commissioner concedes that the Administrative Law Judge was wrong on the first point, and the record contains numerous references to the kinds of medical conditions referenced in the treating physician's statement. [*E.g.*, AR 201, 204, 216 ] The Administrative Law Judge also was wrong on the second point, however. "The rule in this circuit, as in most circuits, is that 'reports containing observations made after the period for disability are relevant to assess the claimant's disability.'" *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).

The relevance of the reports after the insurance expired, however, does not make them determinative. It does create an ambiguity in the record, though, because it is not clear if the treating physician, and another physician who gave an opinion after Plaintiff's insurance had expired, would have given the same assessment of Plaintiff's ability to function for the time before insurance expired. Where the record is ambiguous, the Administrative Law Judge has a duty to develop the record further, and is empowered to re-contact the physician to clarify his opinion. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); 20 C.F.R. §§ 404.1512(e) and (f).

The Administrative Law Judge also wrongly applied the law in discrediting Plaintiff's testimony. Whether Plaintiff's testimony was inconsistent with the medical record would depend, in part at least, on the treating physician's opinion of Plaintiff's capability at that time. The other factors which the Administrative Law Judge relied upon were not germane. The notion that going to the movies, feeding the dogs, visiting

Plaintiff's father and making simple meals discredits Plaintiff's testimony that, during the time period at issue, he could walk only ten minutes, sit and stand 20 minutes, and lift no more than 10 pounds, does not make sense. Those statements are not inconsistent with Plaintiff's testimony, and certainly they do not equate to the ability to perform a 40 hour per week job. The statements that Plaintiff shops and does the housework is not supported by the record, at least not to the extent of suggesting that Plaintiff was more active than he testified. [*See* AR 402-403, 418-19] The Administrative Law Judge thus did not comply with the requirement that he provide specific and cogent reasons for discrediting Plaintiff's testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

These errors require a remand, and therefore the Court need not determine whether, if these errors had not been made, there would have been sufficient evidence to support the residual functional capacity articulated by the Administrative Law Judge. On remand, the Commissioner should consider all evidence pertinent to a determination as to whether Plaintiff is disabled.

IT IS SO ORDERED.

DATED:  August   15  , 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE